**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIM. NO. 3:26-CR-14-TES** |
| **v.** | : | |
| | : | |
| **DIANE MARIE POE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS**

For the reasons stated in the Government's Motion for a Protective Order to Limit Disclosure of Discovery Materials filed on September 24, 2026 (Doc. 19), **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "defense team" shall constitute: Defendant, defense counsel, co-counsel, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel.

2. As used herein the term "defense attorney" shall constitute: defense counsel, co-counsel, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel. The term "defense attorney" does NOT include the Defendant.

3. As used herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

4. As used herein, the term "materials subject to protective order" includes records and documents obtained from banks, businesses and the Internal Revenue Service, including transaction records and accountholder information and reports summarizing such records, and are appropriately marked as being subject to this Order. Said materials have been provided to defense

counsel in their unredacted form to aid defense counsel in preparation of their case but contain Personally Identifiable Information (PII).

5. The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case. However, the defense team is restricted from sharing the discovery materials outside the defense team.

6. Defendant may not retain any copies of materials subject to protective order unless said records are first redacted to remove PII. Defendant may review the unredacted records with their defense attorney but shall not be given a copy to retain or possess outside the presence of the defense attorney unless first redacted. Defendant may have copies of all other discovery materials, subject to the limitations on dissemination in this Order.

7. The defense team may also provide the discovery materials to any expert witnesses, consultants, or individuals that the defense team retains or has retained that may be necessary in the preparation of Defendants' defense. However, before receiving any discovery materials, they must be provided a copy of this Order and agree to abide by its terms.

8. The defense team may disclose the discovery materials to any witness it deems necessary in the preparation of the Defendants' defense. However, such witness may not be provided a copy of the discovery materials but may only review them while in the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or secretary of defense counsel. The defense team must also ensure that any PII has been redacted before showing the discovery material to such witness.

9. The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It

shall be the responsibility of any party filing discovery materials to ensure that all PII has been redacted.

10. If any Defendant or his or her counsel desires to disclose or make available the discovery materials to any person not described in this Order or for any purpose other than the defense of the criminal case, they must seek relief the Court.

11. Upon conclusion of all stages of this case, all of the unredacted discovery material marked as subject to this Order, and all copies made thereof, shall be disposed of in one of three ways, unless otherwise ordered by the Court. The sensitive discovery material may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such material. In the event that the sensitive discovery material is retained by defense counsel, the restrictions of this Order continue in effect for as long as the material is so maintained, and the material may not be disseminated or used in connection with any other matter without further order of the Court.

12. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

13. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED**, this 24 day of Sep, 2026.

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE